

# Service of Process Transmittal
05/21/2020
CT Log Number 537695447

| | |
|---|---|
| **TO:** | TEXAS LITIGATION<br>ALLSTATE INSURANCE COMPANY - DFW CASUALT<br>8711 N FREEPORT PKWY #23<br>IRVING, TX 75063-2578 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY  (Domestic State: IL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JAMES NOBLE, PLTF. vs. ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY and NICOLAS CALLE, DFTS.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 41290 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/21/2020 at 15:14 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 05/21/2020, Expected Purge Date: 05/26/2020<br><br>Image SOP<br><br>Email Notification,  TEXAS LITIGATION  texaslitigation@allstate.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140 |
| **For Questions:** | 877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

Page 1 of  1 / AZ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**EXHIBIT B-1**



# PROCESS SERVER DELIVERY DETAILS

| Date: | Thu, May 21, 2020 |
| Server Name: | Russell Blair |
| Location: | Flower Mound, TX-DAL |

| Entity Served | Allstate Vehicle & Property |
|---|---|
| Agent Name | |
| Case Number | 41290 |
| Jurisdiction | TX-DAL |



**EXHIBIT B-1**

```
================================================================
                      CAUSE NO.,                         41290
================================================================
    IN  THE  DISTRICT  COURT  OF  TITUS  COUNTY,  TEXAS
```

ATTORNEY FOR PLAINTIFF OR PLAINTIFF

MARCUS CARLOCK, DISTRICT CLERK
P.O. BOX 492-COURTHOUSE ANNEX
MT. PLEASANT, TEXAS 75456-0492

CLIFFORD NKEYASEN
4310 N CENTRAL EXPY.
DALLA, TX 75206

```
================================================================
      C I T A T I O N   F O R   P E R S O N A L   S E R V I C E
================================================================
```

THE STATE OF TEXAS

NOTICE TO DEFENDANT:
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

TO: ALLSTATE VEHICLE & PROPERTY
    % CT CORPORATION SYSTEM
    1999 BRYAN STREET #900
    DALLAS, TX 75201

5-21-2020
Russell Blan
PSC# 11311

DEFENDANT - GREETINGS:
You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of TITUS County, Texas at the Courthouse of said County in TITUS, Texas.

Said ORIGINAL petition was filed in said court, on the 29th day of January A.D., 2020 in this cause, numbered 41290 on the docket of said court & styled:

JAMES NOBLE         VS    ALLSTATE VEHICLE & PROPERTY
                          INSURANCE COMPANY AND NICOLAS
                          CALLE

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Mt. Pleasant Texas, this the 29th day of January A.D., 2020.

MARCUS CARLOCK, CLERK
76th/276th DISTRICT COURT
TITUS COUNTY, TEXAS

_____, Deputy

SHERIFF'S RETURN
------------------------------------------------

Came to hand the _____ day of _____ A.D. 2_____, at _____ o'clock ___m., and executed at _____, within the County of _____ at _____ o'clock___m. on the _____ day of _____, 2_____, by delivering to the within named _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total Service Fee $_____        _____
DEPUTY:_____                        COUNTY, TEXAS

**EXHIBIT B-1**

Titus County - District Clerk

Filed: 1/29/2020 12:30 PM
Marcus Carlock
District Clerk
Titus County, Texas
Sharolyn Redar

CAUSE NO. 41290

| | | |
|---|---|---|
| **JAMES NOBLE** | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | ___ JUDICIAL DISTRICT |
| | § | |
| **ALLSTATE VEHICLE & PROPERTY** | § | |
| **INSURANCE COMPANY and NICOLAS** | § | |
| **CALLE** | § | |
| Defendants. | § | TITUS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JAMES NOBLE**, Plaintiff, and files this, his Original Petition and Request for Disclosures against Defendants, **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY** and **NICOLAS CALLE** and for cause of action would respectfully show as follows:

### DISCOVERY CONTROL PLAN LEVEL

1. Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Plaintiff designates this case to proceed under a Level 3 Discovery Control Plan.

### PARTIES AND SERVICE

2. Plaintiff, **JAMES NOBLE**, is an individual residing in Dallas County, Texas.

3. Defendant, **ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY**, is an insurance company engaging in the business of insurance in the State of Texas and may be served with process by certified mail by serving its Attorney for Service, CT Corporation System at the following address: 1999 Bryan Street, #900, Dallas, Texas 75201.

4. Defendant **NICOLAS CALLE** is an individual engaging in the business of insurance in the State of Texas and may be served with process by certified mail at the following address: P.O. Box 672041, Dallas, TX 75267.

Plaintiff's Original Petition - Page 1 of 10

**EXHIBIT B-1**

## JURISDICTION AND VENUE

5. This court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of the Court.

6. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.

7. This court has jurisdiction over Defendant Allstate because it is an insurance company domiciled in the State of Texas.

8. This court has jurisdiction over Defendant Calle because he is an individual domiciled in the State of Texas.

9. Venue in Titus County, Texas is proper in this case because the insured property is situated in Titus County, Texas.

## FACTS

10. This case is about the unfair, deceptive, and bad-faith denial of covered homeowners' insurance benefits and a breach of the insurer's duty of good faith and fair dealing and numerous violations of the Texas Insurance Code.

11. Allstate systematically undervalues hail damage claims at the initial valuation stage and offers a low-ball amount knowing that the initial valuations are inaccurate, unreliable, and biased toward generating estimates far below the actual cash value or replacement cost and anticipating that claimants will not bother disputing the low offer.

12. Plaintiff is the named insured in Allstate policy No. 000836537942 hereinafter referred to as "the Policy." The policy is a replacement cost policy.

13. Under a replacement cost policy, the liability limits of the policy and the premium paid by the insured are determined on the basis of the replacement cost of the structure. The value of contractor's overhead and profit, as well as sales tax on building materials, has been included in the limit of liability for which the insured has paid premium.

14. Allstate marketed, promoted and advertised its products or services with no intent to sell them as advertised. During the underwriting of the risk and binding of Plaintiff's coverage Allstate failed to disclose that it systematically excludes prospective contractor's overhead and profit in the event of a claim. Failing to disclose this material information caused Plaintiff to enter into a transition he otherwise would not have entered into.

15. In March of 2018 a severe hail and windstorm tore through the City of Mount Pleasant. Plaintiff's home was in the path of the storm. Thereafter, Plaintiff reported the claim to Allstate. Allstate dispatched an adjuster to investigate Plaintiff's claim. However, Allstate's adjuster closed the claim absent conducting a reasonable investigation into all the covered damages to the property which constitutes an unfair or deceptive settlement practice with respect to an insurance claim.

16. A first-party property claims adjuster is really the only advocate that the homeowner has after a loss. The property claims adjuster is employed by the insurance company to investigate and pay claims. There is an inherent conflict of interest between the claimant and the adjuster because the adjuster owes fidelity to the homeowner to objectively investigate and pay claims, but this same adjuster is paid by an insurance company that seeks to maximize profits by minimizing losses.

17. It's critically important for the claims adjuster to read the insurance policy, know the coverages, be a great investigator and communicator, take his time, pay attention to detail, and know how to estimate the costs of any repairs. Those are critical elements in any first-party property claims adjustment.

18. Here, the adjusters assigned to Plaintiff's claim were placed in a position to help Plaintiff in a time of distress after a devastating storm and it was critically important that they take enough time to properly do their jobs and analyze all the damage to Plaintiff's property. Instead, the

Plaintiff's Original Petition - Page 3 of 10

**EXHIBIT B-1**

adjusters handled the claim in a manner calculated to construct a pretextual basis for denial or underpayment of Plaintiff's claim. For example, Calle denied Plaintiff's claim for prospective contractors' overhead and profit absent a reasonable investigation.

19. Further, "the deduction of prospective contractors' overhead and profit and sales tax in determining the actual cash value under a replacement cost policy is improper, is not a reasonable interpretation of the policy language, and is unfair to insureds."[1]

20. Allstate knows that claimants are unlikely to challenge Allstate's fraudulent valuations.

21. Allstate failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim after Allstate's liability became reasonably clear. A reasonable objective investigation would have revealed the extensive damage and Plaintiff would have been fully compensated under the terms of the Policy.

22. Together, Defendants set about to deny or underpay a properly covered loss to Plaintiff's detriment.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

23. Plaintiff incorporates herein by reference paragraphs 1 through 22.

24. Under the terms of Plaintiff's homeowners insurance policy, Allstate agreed to pay the cost to repair, rebuild or replace Plaintiff's property in the event it was damaged by hail or windstorm in exchange for Plaintiff paying his premium. If Plaintiff never repairs or replaces the damaged or destroyed property, payment will be on an actual cash value basis. This means replacement cost less applicable depreciation.

25. To be sure, the policy does not say Allstate may pay the amount it *actually* costs to repair or replace the damaged or destroyed property. In fact, the policy requires Allstate to pay

---

[1] *See* TDI Bulletin No. B-0045-98 available online at the Department's website:
http://www.tdi.state.tx.us/bulletins/1998/b-0045-8.html.

Plaintiff's Original Petition - Page 4 of 10

replacement cost in excess of the actual cash value only if Plaintiff repairs or replaces the damaged property. If Plaintiff never repairs or replaces the damaged or destroyed property he's still entitled to actual cash value of the damaged property.

26. Indemnity is the foundation of an insurance policy. The objective is that the insured should neither reap economic gain nor incur a loss if adequately insured. This objective requires that the insured receive a payment equal to that of the covered loss so that the insured will be restored to the same position after the loss as before the loss.

27. The calculation of actual cash value will result in an under-payment if the insurer fails to include all damaged property or deducts prospective contractors' overhead and profit and sales tax in determining the actual cash value in a replacement cost policy. Generally, the objectives of indemnity will be met if actual cash value is calculated as replacement cost with proper deduction for depreciation.

28. There is no situation in which the deduction from replacement cost of general contractors' overhead and profit and/or sales tax on materials will be the correct measure of actual cash value. Under a replacement cost policy, the liability limits of the policy and the premium paid by Plaintiff are determined on the basis of the replacement cost of the structure. The value of contractor's overhead and profit, as well as sales tax on building materials, has been included in the limit of liability for which Plaintiff paid for in exchange for insurance coverage.

29. When Allstate, in determining actual cash value, excluded costs that are included in the determination of liability limits, on which Plaintiff's premium was based, it reaped an illegal windfall because Allstate received premium on insurable values for which it never intended to pay. Defendants breached the terms of the Policy.

30. Plaintiff submitted a valid claim for hail and windstorm damage within the policy period and Allstate breached the contract by denying or underpaying the claim.

Plaintiff's Original Petition - Page 5 of 10

31. As a result of Defendants' breach of the insurance contract, Plaintiff has incurred damages within the jurisdictional limits of this Court and will continue to incur damages until the entire claim is paid, including general contractors' overhead and profit.

### SECOND CAUSE OF ACTION
### UNFAIR OR DECEPTIVE ACTS OR TRADE PRATICES

32. Plaintiff incorporates herein by reference paragraphs 1 through 31.

33. During the underwriting and binding of coverage of Plaintiff's insurance policy, Allstate failed to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made and made a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact with respect to the coverage provided by the policy.

34. After Plaintiffs filed a claim, Defendant Calle made, issued, or circulated an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued: the terms of the policy or the benefits or advantages promised by the policy when he told Plaintiff that prospective contractors' overhead and profit was not covered under the policy. This was also a misrepresentation of a material fact or policy provision relating to coverage at issue.

35. Together, Defendants misrepresented to Plaintiff the cause and extent of damage to the property. This was an untrue statement of material fact. Further, Allstate failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which Allstate's liability had become reasonably clear by undervaluing the cost to repair the undisputed damaged property.

36. Further, when asked for an explanation, Allstate failed to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Allstate's denial of the claim.

37. Finally, Allstate refused to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim. As a result of the aforementioned conduct, Plaintiff has incurred damages within the jurisdictional limits of this Court.

### THIRD CAUSE OF ACTION
### BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

38. Plaintiff incorporates herein by reference paragraphs 1 through 37.

39. Under Texas law accompanying every contract is a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a *tort* as well as a breach of contract. This duty of good faith and fair dealing arises out of the special trust relationship between the insured and the insurer.

40. The duty of good faith and fair dealing is thus imposed on the insurer because of the disparity of bargaining power and the exclusive control that the insurer exercises over the processing of claims. A breach of the duty of good faith and fair dealing is established when: (1) there is an absence of a reasonable basis for denying or delaying payment of benefits under the policy and (2) the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim.

41. Here, there was no reasonable basis for denying full benefits for the claim.

42. Allstate orchestrated the investigation in a manner calculated to construct a pretextual basis for denial or underpayment of Plaintiff's claim.

43. A reasonable insurer under similar circumstances would not have delayed or denied Plaintiff's claim. Based on the foregoing facts, Allstate actually knew or should have known there was no reasonable basis to delay payment.

### FOURTH CAUSE OF ACTION
### BREACH OF THE PROMPT PAYMENT OF CLAIMS ACT

44. Plaintiff incorporates herein by reference paragraphs 1 through 43.

45. Allstate failed to notify Plaintiff in writing of the acceptance or rejection of his claim, including the reasons for the rejection.[2]

46. Allstate did not provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for Allstate's denial of Plaintiff's claim and failed within a reasonable time to affirm or deny coverage of Plaintiff's claim in violation of the Texas Insurance Code.

47. Plaintiff is entitled to the entire amount to restore his home to the same position before the loss plus 10% penalty interest per annum on the amount unreasonably withheld, together with reasonable attorney's fees.[3] The attorney's fees shall be taxed as part of the costs in the case.

## FIFTH CAUSE OF ACTION
## BREACH OF EXPRESS OR IMPLIED WARRANTY

48. Plaintiff incorporates herein by reference paragraphs 1 through 47.

49. Over several years Allstate sold insurance products and services to Plaintiff.

50. Allstate made the following express or implied warranties with respect to its products or services: that hail and windstorm claims will be paid in full minus the deductible and that claims will be processed promptly.

51. Plaintiff relied on Allstate's representations and they became part of the basis of the bargain. Allstate breached the warranty because the products or services failed to provide results as advertised.

## SIXTH CAUSE OF ACTION
## FRAUD

52. Plaintiff incorporates herein by reference paragraphs 1 through 51.

53. Allstate systematically denies hail damage claims at the initial valuation stage and offers this low amount knowing that the initial valuations are inaccurate, unreliable, and biased toward

---

[2] TEX. INS. CODE §542.056
[3] TEX. INS. CODE §542.060.
Plaintiff's Original Petition - Page 8 of 10

**EXHIBIT B-1**

generating estimates well below the actual cash value or replacement cost and anticipating that claimants will not bother disputing the low offer. This is a scheme of epic proportions.

54. Allstate duped Plaintiff into purchasing its policy but failed to disclose that it will never pay claims absent a lawsuit. This was a material fact and Allstate held exclusive knowledge of this fact and remained deliberately silent and failed to disclose the facts with the intent to induce Plaintiff into a transaction he would not have entered into had the information been disclosed.

55. Plaintiff was injured as a result of Allstate's fraudulent concealment because he incurred the expense of a general contractor and expected to be reimbursed.

56. The liability limits of Plaintiff's policy and the premium paid were determined on the basis of the replacement cost of Plaintiff's property. The value of contractor's overhead and profit, as well as sales tax on building materials, were included in the limit of liability for which Plaintiff has paid his premium.

57. When Allstate, in determining actual cash value, excluded costs that were included in the determination of liability limits, on which Plaintiff's premium was based, Allstate reaped an illegal windfall because it received premium on insurable values for which it never intended to pay at the time the policy was sold. Allstate charges consumers the value of contractor's overhead and profit in its premiums yet Allstate never intends to pay in the event of a loss.

## ATTORNEY'S FEES

58. Plaintiff seeks recovery of his reasonable attorney's fees and costs against Defendants in accordance with §38.001 *et seq.* of the Texas Civil Practice and Remedies Code, and §541 *et seq.* and §542 *et seq.* of the Texas Insurance Code.

## REQUESTS FOR DISCLOSURE

59. Under Texas Rule of Civil Procedure 194, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## CONDITIONS PRECEDENT

60. All conditions precedent to Plaintiff's right of recovery of all causes of action pleaded herein have been performed, have occurred, or been excused.

## JURY DEMAND

61. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial by jury hereof, said Plaintiff recover judgment for actual damages and punitive against Defendants, including penalty interest thereon; that upon a finding that Allstate or its agents acted knowingly Plaintiff be entitled to recover from Allstate and its agents additional damages in an amount of up to three times his actual damages; that Plaintiff be awarded reasonable attorney's fees and expenses incurred in obtaining judgment against Defendants and any appeals of this case; and that Plaintiff be granted all further relief, either at law or in equity, including punitive or exemplary damages, to which he may show himself justly entitled.

Respectfully submitted,



CLIFFORD K. NKEYASEN, PLLC
ATTORNEYS & COUNSELORS

4310 N. Central Expy, Suite 103
Dallas, TX 75206
Tel: (469) 249-9271
Fax: (469) 249-9113
clifford@coveragedenied.com

By: /s/ Clifford Nkeyasen
Clifford K. Nkeyasen
Texas Bar No: 24044876

**ATTORNEYS FOR PLAINTIFF**

**EXHIBIT B-1**